UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH RICCI,<br><br>       Plaintiff,<br><br>  -against-<br><br>FVP INVESTMENTS, LLC,<br><br>       Defendant. | Case No. 1:25-cv-05542 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Joseph Ricci brings this action against Defendant FVP Investments, LLC, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332(a). Plaintiff alleges that he is a resident of Rhode Island. *See* Dkt. 1 ("Complaint") ¶ 5. He alleges that Defendant FVP Investments, LLC (the "Defendant LLC") is incorporated in Delaware with a principal place of business in New York, and that its "managing-member, Keith Lee," is a New York resident. *See id.* ¶ 6.

  It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so, since it only

1

alleges the citizenship of the Defendant LLC's managing member, without affirmatively pleading either that the Defendant LLC is a single-member LLC or the membership of any other members of the Defendant LLC, if any exist. In addition, the Complaint alleges only the residence of Plaintiff and LLC member Lee, rather than their states of citizenship, as required for purposes of diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction); *Davis v. Cannick*, No. 14-cv-07571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists. For the purpose of diversity jurisdiction, a statement of the parties' residence is insufficient to establish their citizenship." (internal quotation marks and citation omitted)); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . .").

Accordingly, it is hereby ORDERED that, on or before **July 14, 2025**, Plaintiff shall amend his Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the

Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

    SO ORDERED.

Dated: July 7, 2025
       New York, New York

                                                JENNIFER L. ROCHON
                                                United States District Judge