UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH RICCI,<br><br>                              Plaintiff,<br><br>     -against-<br><br>FVP INVESTMENTS, LLC,<br><br>                              Defendant. | Case No. 1:25-cv-05542 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff filed this action on July 3, 2025, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Dkt. 1 ("Compl."). The Complaint did not properly allege the citizenship of Defendant FVP Investments, LLC (the "Defendant LLC"), since it did not allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Instead, the Complaint alleged the citizenship of the Defendant LLC's managing member, without affirmatively pleading either that the Defendant LLC is a single-member LLC or the membership of any other members of the Defendant LLC, if any exist. *See* Compl. ¶ 6. It also alleged only the residence of Plaintiff and Defendant LLC member Lee, rather than their states of citizenship, as required for purposes of diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

  On July 7, 2025, the Court ordered Plaintiff to amend his Complaint by July 14, 2025, to "allege the citizenship of each constituent person or entity comprising the Defendant LLC as

1

well as the citizenship of all individual parties." Dkt. 2 at 2. The Court warned Plaintiff that if he was unable to amend the Complaint by that date "to truthfully allege complete diversity of citizenship, then the Complaint w[ould] be dismissed for lack of subject matter jurisdiction without further notice to either party." *Id.*

On July 15, 2025, Plaintiff filed an Amended Complaint. Dkt. 3 ("AC"). The AC alleges that Plaintiff is a Rhode Island domiciliary, that the Defendant LLC is incorporated in Delaware with a "principal address" in New York, and that its managing-member, Keith Lee, is a "United States Citizen . . . believed to reside in New York City, New York." *Id.* ¶¶ 5-7. The AC thus properly alleges Plaintiff's citizenship, but not the citizenship of the Defendant LLC, since Plaintiff still has not identified "the citizenship of each constituent person or entity comprising the Defendant LLC." Dkt. 2 at 2; *see Handelsman*, 213 F.3d at 51-52; *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction). Indeed, Plaintiff still has not "affirmatively plead[ed] either that the Defendant LLC is a single-member LLC or the membership of any other members of the Defendant LLC, if any exist." Dkt. 2 at 2. Plaintiff only identifies one member of the Defendant LLC, Keith Lee, but pleads only that he is a "United States citizen" and a New York resident. AC ¶ 7. This does not establish Mr. Lee's domicile for the purpose of evaluating diversity of citizenship, since "[f]or an individual, citizenship depends on the *state* in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) (emphasis added) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship . . . ."); *Trocchio v.*

*Empanada Mama LLC*, No. 25-cv-05325 (VSB), 2025 WL 1827197, at *1 (S.D.N.Y. July 2, 2025) (dismissing case where plaintiff alleged that he was a Chicago resident and a "citizen of the United States of America" because the plaintiff did "not identify the state in which he [was] domiciled" and thus "fail[ed] to adequately allege [his] citizenship").

On July 16, 2025, the Court "permit[ted] Plaintiff one final opportunity to properly allege the citizenship of the Defendant LLC," namely, by "alleging the citizenship of each constituent person or entity comprising the Defendant LLC." Dkt. 5 at 3. The Second Amended Complaint, filed on July 23, 2025, did not do so. Dkt. 6 ("SAC"). In the SAC, Plaintiff now identifies five individuals that are allegedly the Defendant LLC's members — Keith Lee, Rakesh Chandiramani, Matt MacDonald, and Matthew Pilkington. *Id.* ¶ 8. However, the SAC pleads only that each of FVP's members are "United States Citizen[s] . . . believed to reside in New York City, New York," *id.* ¶¶ 9-13, and that none of FVP's members "are residents of Rhode Island, where the Plaintiff resides," *id.* ¶ 14. As set forth above and in the Court's prior order, pleading that an individual person is a "United States Citizen" believed to reside in New York City does not properly allege citizenship, since "[f]or an individual, citizenship depends on the *state* in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Roche Cyrulnik Freedman LLP v. Cyrulnik*, 582 F. Supp. 3d 180, 187 (S.D.N.Y. 2022) (emphasis added) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . ."); *see also* Dkt. 5 at 2-3 (same).

As Plaintiff still has not properly alleged the citizenship of each constituent person or entity comprising the Defendant LLC, the Court will dismiss the Second Amended Complaint for lack of subject matter jurisdiction. *See Trocchio v. Empanada Mama LLC*, No. 25-cv-05325

(VSB), 2025 WL 1827197, at *1 (S.D.N.Y. July 2, 2025) (dismissing case where plaintiff alleged that he was a Chicago resident and a "citizen of the United States of America" because the plaintiff did "not identify the state in which he [was] domiciled" and thus "fail[ed] to adequately allege [his] citizenship").  The Clerk of Court is respectfully directed to close the case.

    SO ORDERED.

Dated: July 24, 2025
       New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge